# Secrest, County Clerk, etc. v. Morgan-Price Realty Company.

(Decided December 17, 1926.)

## Appeal from Boyd Circuit Court.

Acknowledgment—Ohio Deed, Certified as Attested by Two Witnesses on Oath Before Notary Public, Held Recordable Instrument, Under Statute (Ky. Stats., Sections 501, 502).—Deed ex-

ecuted in Ohio, conveying land in Kentucky, and certified to by notary public as having been proven by two attesting witnesses on oath made before such official, held a recordable instrument, under Ky. Stats., sections 501, 502.

DYSARD & MILLER for appellant.

JOHN W. McKENZIE, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

The only question presented by this appeal is whether an instrument executed in Ohio purporting to convey real estate in Kentucky, and attested by two witnesses, and its execution certified to by a notary public as having been proven by the two attesting witnesses on oath made before such official, is a recordable instrument under our statute.

On the 7th of October, 1926, C. C. Price, in the presence of Minnie M. Grimes and E. L. Riley, signed and acknowledged an instrument purporting to convey by him a certain lot in Ashland, Ky., to the appellee, Morgan-Price Realty Co., all done in Lawrence county, Ohio. On the same day William J. Mahoney, a notary public in and for that county and state, certified under his seal that the said deed from C. C. Price to Morgan-Price Realty Company

"was produced before me in my said county and state by E. L. Riley and Minnie Grimes, who being each personally known to me, and being each duly sworn, did state on oath that they each signed their respective names to the within deed as subscribing witnesses, in the presence and at the request of the maker, C. C. Price, and in the presence of each other, and that the said grantor, C. C. Price, signed the same in their presence and in the presence of each of them."

The instrument so executed and certified was by the appellee presented to appellant, the clerk of the Boyd county court, with a request, accompanied by the lawful fees, that he should record same, and the clerk being of opinion that it was not a recordable instrument under the laws of this state refused to do so, whereupon this action for a mandatory injunction requiring him so to do was instituted.

The clerk entered his appearance and filed a general demurrer to the petition, which upon consideration was overruled by the court. The defendant declined to plead further, whereupon a judgment was entered granting the mandatory relief sought by the plaintiff requiring the defendant to record the instrument, from which action of the court the clerk has appealed.

After the adoption of our present Constitution the General Assembly of this state, in an act approved April 22, 1893, dealing exclusively with conveyances (being chap. 186 of the Acts of 1891, 1892 and 1893, p. 829), in sections 12 and 13 thereof, in prescribing the things necessary to make a deed recordable in this state, provided in sections 12 and 13 as follows:

"No. 12.   Deeds executed in this state, by persons other than married women, may be admitted to record:

"1.   On the acknowledgment, before the proper clerk or notary public, by the party making the deed.

"2.   Or by the proof of two subscribing witnesses, or by the proof of one subscribing witness, who shall also prove the attestation of the other.

"3.   Or by proof by two witnesses that the subscribing witnesses are both dead; and also like proof of the signature of one of them and of the grantor.

"4.   Or by like proof that both of the subscribing witnesses are out of the state, or that one is so absent and the other is dead; and also like proof of the signature of one of the witnesses and of the grantor.

"5.   Or on the certificate of a clerk of a county court of this state, or notary public, that the same had been acknowledged or proved before him, as required by this section.

"No. 13.   Deeds executed out of the state, and within the United States, by persons other than married women, may be admitted to record, when the same shall be certified, under his seal of office, by the clerk of a court, or his deputy, or by a notary public, mayor of a city, or secretary of state, or commissioner to take the acknowledgment of deeds, or by a judge, under the seal of his court, to have been acknowledged or proved before him in the manner hereby required."

These two sections have been since twice amended; once by an act of 1910, chap. 82, p. 249, and again in 1924, chap. 136, p. 461. But neither of the amendments affects in anywise the question here presented. Likewise the quoted sections of the act of 1893 correspond to sections 501 and 502 of Carroll's 1922 Ky. Stats., as amended by the act of 1910.

It is perfectly clear under the provisions of subsection 12 that deeds executed in this state are recordable if, (1) they be acknowledged by the grantor before the proper clerk or notary public, and (2) by the proof of the two subscribing witnesses, or the proof of one such who proves the attestation of the other.

As to deeds executed outside of the state, and within the United States, as provided in section 13, the provision is that such instrument may be admitted to record "when the same shall be certified, under his seal of office, . . . by a notary public . . . *to have been acknowledged or proved before him in the manner hereby required.*"

Obviously the words "in the manner hereby required" used in section 13 had reference to the specific manner set forth in section 12 as to the execution of deeds in this state before they may be recorded, and intended either that such deeds executed out of this state might be recorded therein (1) upon acknowledgment before the proper officer as required in subdivision 1 of section 12, or (2) by proof of such acknowledgment by the two subscribing witnesses thereto as provided in subdivision 2 of section 12.

In other words, if the officer designated in the statute whether within this state or in another, himself certifies under his seal that the instrument was signed and acknowledged before him, there is no necessity for the proving of the instrument as is contemplated by subdivision 2 of section 12. But subdivision 2 of section 12 prescribes the required manner of proving by attesting witnesses the execution of a deed in this state for its recordation; and section 13 dealing with the same subject as to deeds executed outside of this state, either if they have been acknowledged before the required official, "or proved before him in the manner hereby required," obviously has reference to the manner required by section 12 for the proving of deeds executed within the state.

The language of the two quoted sections is not susceptible of misinterpretation; there is neither ambiguity nor uncertainty as to its meaning, and we have found no difficulty in reaching the conclusion that an instrument executed outside of this state and proved as shown by the certificate of the notary public copied above, by the two attesting witnesses, is properly recordable in Kentucky.

But we are referred to the case of Charleroi Timber and Cannel Coal Co. v. Licking Coal and Lumber Co., 116 S. W. 682, as authority for the proposition that an instrument so executed is not recordable under our laws. It is true in that case, after deciding other questions involved, the opinion recites that the plaintiff in that action in making out its chain of title had read in evidence a deed made in New York and certified by a notary there

> "to have been proved before him by a witness who attested the deed,"

the notary not certifying the acknowledgment thereof as made before him, but only that the attesting witness stated the deed was executed and acknowledged in his presence by the grantor.   Then it said:

> "A deed made in this state which is attested by two witnesses may be admitted to probate upon proof; but there is no provision of law for admitting to record a deed made out of the state unless it is acknowledged before some of the officers named in the statute."

Clearly the last paragraph of the quotation is in direct conflict with the statutes we have quoted; and the writer of the opinion overlooked the quoted statutory provisions clearly and distinctly providing for the recordation of deeds executed out of the state when "*acknowledged or proved* before him in the manner hereby required."

The deed offered in evidence in the cited case was not recordable, for its execution had been proved by only one attesting witness, and the opinion does not disclose whether there was more than one attesting witness, or account for the absence of the evidence of such other attesting witness, if there was one.   Therefore the concluding paragraph in the quotation was wholly unnecessary to the determination of that case, and must be treated as

dictum. For that reason, and for the further reason that it is in plain conflict with the statute, that opinion, in so far as it appears to hold that there is no provision for the admitting to record in this state of a deed executed outside of the state unless it is acknowledged before some officer named in the statute, will hereafter be disregarded.

Judgment affirmed.